United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL VILLAFUERTE DENOVA,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX, *et al*.,<br>Respondents. | Case No. 1:26-cv-05155-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**<br>Re: ECF Nos. 1, 2 |

Petitioner Juan Manuel Villafuerte Denova petitions for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, and moves for a temporary restraining order, ECF. No. 2, arguing that his prolonged detention violates due process. For the reasons that follow, the Court GRANTS the petition in part and orders Respondents to provide Petitioner with a prompt § 1226(a) bond hearing. The motion for a temporary restraining order is resolved as moot.[1]

Both parties agree that Petitioner's detention is governed by 8 U.S.C. § 1226(a), which allows for detention during the pendency of removal proceedings, but provides for a bond hearing. ECF No. 8 at 1; ECF No. 9 at 1. Records submitted by Respondents indicate that a custody redetermination hearing before an Immigration Judge ("IJ") was held on June 5, 2026, shortly after Petitioner's arrest by U.S. Customs and Border Enforcement on June 2, 2026. ECF No. 8-2 at 2. However, the order from the IJ only includes a checked box indicating that the request for custody redetermination was withdrawn. *Id.* The record is unclear on whether the request was withdrawn by Petitioner or Respondents. Following the filing of this habeas petition, "DHS re-

[1] The Court set an expedited briefing schedule on the petition in which it indicated that it intended to rule on the habeas petition and motion together. Neither party objected to this process.

filed the form I-286, Notice of Custody Redetermination, so that the immigration court would schedule another bond hearing." ECF No. 8 at 2. As of the date of this order it appears no bond hearing has been rescheduled.

In reply, Petitioner contends that Respondents' failure to promptly reschedule his hearing amounts to a due process violation that warrants immediate release, or in the alternative, a bond hearing where Respondents bear the burden of proof. ECF No. 9 at 3–6. Petitioner cites no authority to support such relief where both parties agree that detention is controlled by § 1226(a) and detention has only reached six weeks. Indeed, the Ninth Circuit held in a case where the petitioner had been detained under § 1226(a) for fourteen months that—under the factual circumstances of that case—due process did not require the Court to order a second § 1226(a) bond hearing at which the government bore the burden of proof by clear and convincing evidence. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1211–12 (9th Cir. 2022). In so holding, the Court explained that "§ 1226(a)'s procedures satisfy due process, both facially and as applied to [the Petitioner]." *Id*. at 1213. As Petitioner has only been detained for six weeks, and a request for a subsequent bond hearing was recently submitted, the proper remedy here is a prompt bond hearing under § 1226(a) and its implementing regulations.

For the foregoing reasons, the Court GRANTS the petition for writ of habeas corpus in part. Respondents are ORDERED to provide Petitioner with a bond hearing within fourteen (14) days pursuant to § 1226(a) and its implementing regulations where the Immigration Judge shall assess flight risk and dangerousness. Petitioner shall be allowed to have counsel present.

**IT IS SO ORDERED.**

Dated: July 16, 2026

Noël Wise
United States District Judge